# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JOSE RAFAEL CAPO ABREU
    **Plaintiffs**

v.                                                      Civil No. 98-1463 (JAG)

INGENIUM, INC., AND CARLOS
    I. PEREZ-PLUGUEZ, et al.
    **Defendant**

---

## OPINION AND ORDER

GARCIA-GREGORY, D. J.

On December 30, 1999, defendants Ingenium, Inc. and Carlos Perez-Pluguez (collectively "defendants") moved for summary judgment against plaintiffs Jose Rafael Capo-Abreu and Vanessa Sosa's (collectively "plaintiffs"). Plaintiffs brought claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12210 and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461 as well as supplemental state law claims (Docket No.26). Defendants also filed two supplemental motions for summary judgment dated February 4, 2000 and March 25, 2002, respectively (Docket Nos. 32 and 48). Plaintiffs filed their opposition on March 13, 2000 (Docket No.38). On October 15, 2002, the Court issued an Opinion and Order granting in part and denying in part the motion for summary judgment and the supplemental motions for summary judgment. (Docket No. 55). The Court dismissed with prejudice Vanessa Sosa's claims as time-barred and denied summary judgment as to Capo-Abreu's claims following his proving a



prima facie case of disability discrimination.

On October 28, 2002 defendants moved for reconsideration of the Court's Order (Docket No. 60) urging this Court to dismiss the case in its entirety. For the reasons discussed below, the Court denies the motion.

## DISCUSSION

Pursuant to Fed.R.Civ.P. 59(e), a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colon v. Fraticelli, 181 F.Supp.2d 48, 50 (D.P.R. 2002) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Rule 59(e), however, is "aimed at *reconsideration*, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not. See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc. 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)); see also Aybar, 188 F.3d at 16. Defendant has not brought forth any new evidence not considered by this Court or demonstrated a manifest error of law or fact with respect to any of the areas in which defendant disagrees with the Court's ruling.

This Court has already determined that Capo-Abreu satisfied all the elements of his prima facie ADA case. First, the fact that Capo-Abreu's duties were initially reassigned to various employees and then given to Lisa Almodovar in addition to some additional duties, does not controvert the fact that Capo-Abreu was replaced. Defendant cites to cases that discuss ADEA, not ADA. Furthermore, as a policy matter, this reading of the law would entail that employers who discriminate against ADA plaintiffs by redistributing tasks or give the replacing employee tasks in addition to those originally performed by plaintiff would be immune from liability.

2

Defendant argues that because plaintiff declared himself totally disabled for social security purposes, he should now be precluded from asserting he is a qualified individual with a disability under the ADA who can perform the essential functions of his job with or without reasonable accommodation. In Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999) the Court expressly stated that an applicant need not "refer to the possibility of reasonable accommodation when [he] applies for SSDI.."

The Court has already reached a determination that Capo-Abreu's disability impairs the major life activity of conception and childbirth. This determination was reached evaluating Capo-Abreu's individualized circumstances. Defendant has not proffered any new evidence to alter the Court's ruling in this respect.

Similarly, after a detailed study of the Prohibition of Discrimination Against Persons Diagnosed with HIV or AIDS Act, 1 L.P.R.A. §521 et seq., the Court concluded that the statute provides plaintiff with an additional cause of action for discrimination in the employment context. The Act reflects a strong public policy such as to warrant the exception contemplated in Law No. 80. Defendants argument for reconsideration is unavailing.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion for reconsideration.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of November, 2002.

JAY A. GARCIA-GREGORY
United States District Judge

3